23-174

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. _____

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY, a Missouri corporation,

    Plaintiff,

v.

BOBBY'S LANDING, LLC, a Florida limited
liability company, AERIAL BANNERS, INC. a
Florida corporation, THE FUEL DEPOT, LLC, a
Florida limited liability company, AERIAL BANNERS
NORTH INCORPORATED, a foreign corporation,
ST. PETE AERIAL ADVERTISING, INC.
d/b/a Advertising Air Force, a Florida corporation,
AERIAL BANNERS MODS, LLC, a Florida
limited liability company, and AHMED ASHAAT,

    Defendants.
_____/

## COMPLAINT

American National Property and Casualty Companies ("ANPAC"), by and through its undersigned counsel, sues Defendants, Bobby's Landing, LLC, Aerial Banners, Inc., The Fuel Depot, LLC, Aerial Banners North Incorporated, St. Pete Aerial Advertising, Inc. d/b/a Advertising Air Force, Aerial Banners Mods, LLC, (hereinafter "Insured Defendants"), and defendant Ahmed Ashaat, the Insured Defendants and defendant Ahmed Ashaat collectively referred to as "Defendants", and alleges as follows:

### Nature of Action

1.    This is an action for declaratory relief pursuant to *28 USC § 2201* to determine impacts, obligations, and Defendants' rights, if any under a policy of insurance issued by ANPAC.

1

**Parties, Jurisdiction and Venue**

2. At all times material hereto, ANPAC is and was a Missouri corporation with its principal place of business at 1949 East Sunshine, Springfield, MO 65899.

3. At all times material hereto, Defendant, Bobby's Landing, LLC ("Bobby's Landing"), was a Florida limited liability company with its principal place of business in Broward County, Florida.

4. At all times material hereto, Defendant, Aerial Banners, Inc. ("Aerial Banners"), was a Florida corporation with its principal place of business in Broward County, Florida.

5. At all times material hereto, Defendant, The Fuel Depot, LLC ("Fuel Depot"), was a Florida limited liability company with its principal place of business in Broward County, Florida.

6. At all times material hereto, Defendant, Aerial Banners North Incorporated ("Aerial Banners North"), was a foreign corporation with its principal place of business in Broward County, Florida.

7. At all times material hereto, Defendant, St. Pete Aerial Advertising, Inc. d/b/a Advertising Air Force ("St. Pete Aerial"), was a Florida corporation with its principal place of business in Broward County, Florida.

8. At all times material hereto, Defendant, Aerial Banners Mods, LLC ("Aerial Banners Mods"), was a Florida limited liability company with its principal place of business in Broward County, Florida.

9. Ahmed Ashaat ("Ashaat") is a resident of Miami-Dade County, Florida and over the age of 18 years, and is otherwise sui juris.

10. There is complete diversity of the parties pursuant to *28 USC § 1332*.

11. The amount in controversy herein is in excess of $75,000.00, exclusive of interest and costs.

12. Venue lies in the Southern District of Florida as this judicial district is the one in which is substantial part of the events or omissions giving rise to the claim occurred and the Defendants are residents, domiciliaries, or do business by and through their respective employees or agents are located in Broward County, Florida.

**General Allegations**

13. ANPAC issued policy no. AC-05749-02 with a policy period of January 1, 2023 through January 1, 2024, which provided for coverage or certain losses to aircraft owned or operated by the Insured Defendants. A copy of the policy, hereinafter referred to as the "Aircraft Policy," is attached hereto as Exhibit A.

14. ANPAC also issued a policy of insurance, policy no. AP-06693-01 with a policy period of November 20, 2022 through November 20, 2023, covering certain liabilities that may arise by Insured Defendants operations at North Perry Airport, Pembroke Pines, Florida. A copy of the policy, hereinafter referred to as the "Premises Policy" is attached hereto as Exhibit B.

15. Defendant, Ashaat, may claim an interest in the Aircraft Policy and/or Premises Policy.

16. On/or about May 25, 2023, one of the Insured Defendants' aircraft crashed, causing substantial injuries to its pilot, Defendant Ashaat. The Insured Defendants have made a claim seeking a defense and indemnity from a lawsuit brought by Defendant Ashaat. A copy of Mr. Ashaat's Complaint is attached hereto as Exhibit C.

McDONALD & McDONALD, P. O. Box 669122, Miami, Florida 33166
TEL.: (305) 643-5313, FAX: (305) 643-4990; E-MAIL: dmm@Mcdonaldattorneys.com

17. An actual controversy has arisen between ANPAC and Insured Defendants herein as to whether ANPAC is obligated under either the Aircraft Policy or the Premises Policy to provide a defense or indemnity to Insured Defendants.

18. ANPAC alleges that it is not obligated to provide a defense under the Aircraft Policy or Premises Policy for the claims asserted in Defendant Ashaat's Complaint.

19. The Aircraft Policy contains the following provisions in pertinent part:

*Words and Phrases*
*The following words and phrases when appearing in bold face type have special meaning throughout the policy:*
*a. **You** and **your** mean the person(s) or organization(s) named in Item 1 of the Coverage Identification Page under the heading "Named Insured."*
*b. **Someone we protect** means any person or organization, other than **you**, we provide liability coverage through this policy.*
*\* \* \**
*j. **Passenger** means any person who is in the **aircraft** or getting in or out of it. If more than one of the **aircraft** shown in Item 5 of **your** Coverage Identification Page or an endorsement to this policy is involved in one **occurrence**, every **person** who is in any of the **aircraft** is a **passenger**.*
*\* \* \**
**Part Three. LIABILITY TO OTHERS**
*Review Item 6 of **your** Coverage Identification Page to confirm the particular liability coverage and limits issued to **you**.*
*1. What **We** Cover*
***We** will pay for the damages that **you**, or **someone we protect**, are legally required to pay for **bodily injury** or **property damage** to **others** caused by an **occurrence.***
*\* \* \**
*2. Who Is Protected (**You** and **Someone We Protect**)*
*Except for those entities and persons described in Paragraph 3 below, **your bodily injury** and **property damage** liability coverage protects **you** and **someone we protect**. The term **someone we protect** means any organization or person **you** permit to operate the **aircraft**. The term **someone we protect** also includes the following:*
> *a. any person riding in the **aircraft** and any person or organization legally responsible for the use of the **aircraft** provided such use is with **your** express permission; and*
> *b. any employee while acting within the scope of his or her employment by **you** or **someone we protect**. Provided,*

*however, no employee is **someone we protect** with respect to:*

4

**McDONALD & McDONALD, P. O. Box 669122, Miami, Florida 33166**
TEL.: (305) 643-5313, FAX: (305) 643-4990; E-MAIL: dmm@Mcdonaldattorneys.com

> > i. **Bodily injury** to a co-employee while in the course or scope of his or her employment;
>
> * * *
>
> 4. What Is Not Covered
> <u>**We** do not cover any:</u>
> > <u>a. Pilots and Use</u>
> > <u>**Bodily injury** or **property damage** unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) and Use (Item 10) are met;</u>
> > <u>b. Bodily Injury to Employees</u>
> > <u>**Bodily injury** to any employee or co-employee while acting in the course and scope of employment by **you** or by **someone we protect** for any claim against **you**</u>, against **someone we protect**, or against a fellow employee. For purposes of this provision, the term "employee" means any person who receives compensation for services performed for **you** or **someone we protect** who would be deemed an "employee" for worker's compensation or unemployment benefits compensation purposes under applicable state law. The term "employee" also includes any person defined by the policy to be an employee in Paragraph 2 of this Part;
>
> * * *
>
> **Part Four. MEDICAL EXPENSE COVERAGE**
> Review Item 6E of **your** Coverage Identification Page to confirm the Medical Expense coverage and limits issued to **you**.
> 1. What **We** Will Pay
> **We** will pay the reasonable and necessary medical expense incurred within one year for injuries to **you** and any **passenger** caused by an **occurrence** while the **aircraft** was operated by **you** or **someone we protect**. Medical expense includes the cost of medical, surgical, dental, hospital, professional nursing, ambulance or funeral services. The most **we** will pay for each person's medical expense is shown under Item 6E opposite "each person." The most **we** will pay for all medical expense is shown under Item 6E opposite "each occurrence."
> * * *
> 3. What **We** Will Not Pay
> <u>**We** will not pay any medical expense to the extent payment is required under any worker's compensation or disability benefits law or similar law</u>.

20.     Pursuant to the terms and conditions of the Aircraft Policy, there is no coverage for personal injury to Defendant Ashaat.

21.     The Premises Policy contains the following provisions in pertinent part:

***Coverage Identification Page***
* * *

5

*Item 5. LOCATION OF AIRPORT(S):This policy applies to losses arising out of your operations at the following locations(s):*
***That portion of the North Perry Airport, Pembroke Pines, FL leased to and occupied by the named insured.***
*\* \* \**
***Part I. Definition of Terms Used In the Policy***
*The following words and phrases when appearing in bold face print have special meaning throughout the policy:*
*\* \* \**
*8. **Bodily Injury** means physical injury to a person, including sickness, disease (including mental anguish) or death resulting from such physical injury.*
*9. **Employee** means any person while acting within the scope of employment, direction or authorization given by **you** who receives compensation from **you** to provide airport line services, **aircraft** repair or maintenance services as a mechanic, or other ground services related to and in conjunction with **your** airport operations where an **occurrence** arises out of these activities.*
*\* \* \**
*16. **Someone we protect** means any person or organization we protect by the policy other than **you**. It includes any of **your employees** (as defined in the policy) while acting within the scope of their employment by **you** and employees of **someone we protect** where an **occurrence** arises out of such employment activities. It also includes person(s) or organizations designated as such by an endorsement to this policy. <u>Provided, however, no **employee** is **someone we protect** with respect to:</u>*

<u>*A. **Bodily injury** or **personal injury** to a co-**employee** while in the course or scope of his or her employment, or*</u>
*\* \* \**
***Part II. Insuring Agreements***
***Coverage A. Bodily Injury and Property Damage Liability***
***We** agree to pay on **your** behalf all sums which **you** or **someone we protect** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** caused by an **occurrence** arising out of Hazard Divisions 1 through 5, as stated in **your** Coverage Identification Page and described below:*

***Hazard Division 1. Airport Operations**. "Airport operations" refer to liability arising out of **your** ownership, maintenance, operation or use of the **airport,** and all of **your** operations at the **airport** necessary or incidental thereto, excluding liability arising out of goods or product manufacturing, sales, distribution or service operations performed by you, or otherwise arising out of any other Hazard Division.*
*\* \* \**
***Part IV. Exclusions***
*This policy does not apply to **bodily injury** or **property damage** described in the following paragraphs. Any **bodily injury** or **property damage** arising out of an **occurrence** that is excluded from coverage by the provisions of this Part IV as to*

6

*any person or organization defined by the policy as **you** or **someone we protect** is also excluded from coverage as to all persons or organizations defined by the policy as **you** or **someone we protect**.*
*This policy does not apply to:*
*1. **Bodily injury** or **property damage** caused directly or indirectly by, happening through or as a consequence of:*
*\* \* \**
*9. **Bodily injury** or **property damage** arising out of the operation, maintenance, use, loading or unloading of any **aircraft** by or on behalf of **you** or **someone we protect**.*
*\* \* \**

22. Pursuant to the terms and conditions of the Premises Policy, there is no coverage for the claims made for personal injury by Defendant Ashaat.

## COUNT I
## NO COVERAGE FOR PERSONAL INJURY UNDER THE AIRCRAFT POLICY

23. ANPAC incorporates by reference the allegations contained in paragraphs 1 through 22, as though set forth in full herein and further alleges:

24. At the time of the accident, the Aircraft Policy clearly provided that, with regard to liability and medical payments coverage, "where no amount is shown, no coverage is provided by your policy." Paragraph 6 of the Declaration Page clearly provided no coverage for bodily injury and property damage.

25. Under the special use endorsement – Aerial Advertising of the Aircraft Policy, Part Three entitled "Liability to Others," the policy provides that:

> In addition to WHAT IS NOT COVERED under Part Three, LIABILITY TO OTHERS of your policy, we also do not Cover:
>
> a. Bodily injury to passengers.

26. Under the Aircraft Policy, Part Three, Liability to Others, the policy excludes coverage for "bodily injury to any employee or co-employee while acting in the course and scope of employment by you or someone we protect."

7

27. At all times material hereto, the pilot, Defendant Ashaat, was an employee of Aerial Banners. and was acting in the course of scope of his employment piloting the aircraft at the time of the accident.

28. With regard to Part Four concerning medical expense coverage under the Aircraft Policy, the policy specifically states that:

> We will not pay any medical expense to the extent payment
> is required under any workers compensation or disability
> benefits law or similar law.

29. At all times material hereto, Defendant Ashaat was acting within the course and scope of his employment piloting the aircraft when he was injured.

30. At all times material hereto, Insured Defendants were required to provide workers compensation coverage for their employee, Defendant Ashaat.

31. Pursuant to the terms of the policy, there was no coverage for the personal injury to the Insured Defendants' employee, Defendant Ashaat and, as a result, there is no duty to defend Insured Defendants from the claims of their employee, Defendant Ashaat.

Wherefore, Plaintiff, American National Property and Casualty Companies, hereby respectfully request this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy;

b. Find and declare that the policy does not provide coverage for the claims asserted arising out of the accident of May 25, 2023, involving the accident aircraft N454AB because the claims were brought by the insured's employee;

c. Award ANPAC the costs of this action, and

d. Award ANPAC such other relief this Court may deem equitable or just.

**McDONALD & McDONALD, P. O. Box 669122, Miami, Florida 33166**
TEL.: (305) 643-5313, FAX: (305) 643-4990; E-MAIL: dmm@Mcdonaldattorneys.com

## COUNT II
### THERE IS NO COVERAGE UNDER THE PREMISES POLICY FOR THE CLAIM OF DEFENDANTS' EMPLOYEE

32. ANPAC incorporates by reference the allegations contained in paragraphs 1 through 22, as though set forth in full herein and further alleges:

33. Under the Premises Policy, the policy clearly limits coverage to those locations leased and occupied by the Insured Defendants.

34. The aircraft accident occurred at North Perry Airport located in Pembroke Pines, Florida, but the location of the accident is not on that portion of the airport leased and occupied by the Insured Defendants. Based on the foregoing, there is no coverage for the accident based upon the geographical limitations of the policy.

35. In addition, the Premises Policy, Part II, Coverage A, only applies to liability arising from airport operations defined as liability arising from the ownership, maintenance, operation, or use of the airport.

36. The claims made by Defendant Ashaat are not based upon airport operations as defined in the policy.

37. The Premises Policy, Part IV, Paragraph 4, expressly excludes coverage for persons who are defined as the named insured, or someone protected under the policy. Defendant Ashaat, as an employee of Aerial Banners meets the definition of "someone we protect" and thus there is no coverage for the claims raised by Defendant Ashaat.

38. The Premises Policy, Part IV, Paragraph 9, also expressly excludes from coverage bodily injury or property damage arising out of the operation, maintenance, use, loading, or unloading of any aircraft by or on behalf of the insured Defendants.

McDONALD & McDONALD, P. O. Box 669122, Miami, Florida 33166
TEL.: (305) 643-5313, FAX: (305) 643-4990; E-MAIL: dmm@Mcdonaldattorneys.com

39. Defendant Ashaat's claim expressly claims liability of the Defendant insured's arising out of the Insured Defendants' operation, maintenance, use, loading or unloading of the accident aircraft.

40. Pursuant to the terms of the Premises Policy, there is no coverage for the personal injuries of Defendant Ashaat under the Premises Policy and, as a result, there is no duty to defend the Insured Defendants from the claims of their employee, Defendant Ashaat.

Wherefore, Plaintiff, American National Property and Casualty Company, hereby respectfully requests that this Court:

   a.   Take jurisdiction and adjudicate the rights of the parties under the policy;

   b.   Find and declare that the policy does not provide coverage for the claims asserted arising out of the accident of May 25, 2023, involving the accident aircraft N454AB because the claims were brought by the insured's employee, the accident was beyond the geographic limit of the policy, and because the accident arose out of the operation of an aircraft which was expressly excluded from coverage under the policy;

   c.   Award ANPAC the costs of this action, and

   d.   Award ANPAC such other relief this Court may deem equitable or just.

Dated: November 14, 2023.

Respectfully submitted,

McDONALD & McDONALD
*Attys. for Plaintiff*
P. O. Box 669122
Miami, FL  33166
(305) 643-5313
(305) 643-4990 - fax
dmm@Mcdonaldattorneys.com

BY: */s/: David M. McDonald*
      David M. McDonald, B.C.S.
      Fla. Bar No. 0844380

g:Apps\2023\23174\Complaint

10

McDONALD & McDONALD, P. O. Box 669122, Miami, Florida 33166
TEL.: (305) 643-5313, FAX: (305) 643-4990; E-MAIL: dmm@Mcdonaldattorneys.com