Filing # 178196350 E-Filed 07/25/2023 03:34:08 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

AHMED ASHAAT, an individual,

    Plaintiff,

v.

CASE NO.: CACE-23-016090

AERIAL BANNERS, INC., a Florida
Profit Corporation, and AERIAL BANNERS
NORTH INC., a Foreign Profit Corporation,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, AHMED ASHAAT, an individual, by and through the undersigned attorney, and sues the Defendants, AERIAL BANNERS, INC., a Florida Profit Corporation and AERIAL BANNERS NORTH INC., a Foreign Profit Corporation, and alleges as follows:

**INTRODUCTORY ALLEGATIONS**

1. This is an action for damages in excess of Fifty Thousand ($50,000) Dollars, exclusive of costs, attorney's fees, and interest.

2. At all times material hereto, Plaintiff, AHMED ASHAAT, was and is a resident of Miami-Dade County, Florida.

3. At all times material hereto, Plaintiff, AHMED ASHAAT, is over the age of eighteen and is otherwise *suis juris*.

4. At all times material hereto, Defendant, AERIAL BANNERS, INC., was and is a Florida Profit Corporation with its principal address located at 601 SW 77th Way, Hollywood, FL 33023.

5. At all times material hereto, Defendant, AERIAL BANNERS NORTH INC., was and is a Foreign Profit Corporation with its principal address located at 1034 Millstone River Road, Hangar 7, Hillsborough, NJ 08844.

6. Defendants collectively own, operate, regulate, control, and maintain Aerial Banners, an aerial advertising agency that operates its banner towing business out of North Perry Airport, located at 601 SW 77th Way, Pembroke Pines, FL 33023.

7. Venue for this action is proper because the tortious incident that forms the basis for this Complaint occurred at North Perry Airport at 101 SW 77th Way, Pembroke Pines, FL 33023, which is in Broward County, Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At all times material hereto, Defendants, collectively, owned all the planes used in the banner towing business.

9. Defendants have a history of safety-related serious flight violations, including paperwork violations regarding maintenance and plane crashes, resulting in the revocation of Aerial Banner's Certificate of Waiver to conduct its banner-tow operations business by the FAA.

10. At all times material hereto, Plaintiff, AHMED ASHAAT, held a commercial pilot certificate with ratings for airplane single-engine land, multiengine land, and instrument airplane.

11. At all times material hereto, Plaintiff, AHMED ASHAAT, was an employee and agent of Defendants and was hired on November 14, 2022.

12. Prior to performing banner-tow operations on behalf of Defendants, Plaintiff, AHMED ASHAAT, underwent flight training provided by and under the direct supervision of Defendants.

13. Plaintiff, AHMED ASHAAT's, flight training included mastering the essential and dangerous flying maneuver to pick up a banner and tow it to predetermined routes at certain times.

14. Upon completion of the flight training furnished by Defendants, Plaintiff, AHMED ASHAAT, conducted banner-tow operations on a regular basis in airplanes owned by and registered to Defendants.

15. On or about May 25, 2023, Plaintiff, AHMED ASHAAT, had significant experience flying banner planes and had already completed over 1,000 hours of banner-tow time.

16. At all material times hereto, Plaintiff, AHMED ASHAAT, was acting within the course and scope of his employment with Defendants and performed duties he was instructed to perform.

17. At all material times hereto, Defendants were the registered owners of a Piper PA-25-260, N454AB, an airplane that was specially configured for use in Defendants' banner-tow business and was involved in the incident.

18. The Piper PA-25-260, N454AB, is considered a dangerous instrumentality under Florida law.

19. On or about May 25, 2023, Plaintiff, AHMED ASHAAT, operated the Piper PA-25-260, N454AB airplane that was owned, operated, regulated, controlled, and maintained by Defendants.

20. The airplane was operated as a Title 14 Code of Federal Regulations Part 91 banner-tow flight.

21. Plaintiff, AHMED ASHAAT, took off from runway 10L at North Perry Airport around 11:55 am for a scheduled 12 p.m. banner-tow flight.

22. During the flight, as a result of the negligence of the Defendants and a defect in the plane's rudder, ASHAAT, lost control of the plane and crashed.

23. Fire crews had to extricate Plaintiff, AHMED ASHAAT, from the substantially damaged airplane.

24. The terrifying incident was broadcasted all over the news, in addition to another one of Defendants' Piper PA-25-260, N454AB airplanes that had a fatal crash just one week prior to Plaintiff, AHMED ASHAAT's, incident.

25. The Defendants' plane that PLAINTIFF, AHMED ASHAAT, was operating had a fractured, rusted, and corroded rudder control horn, which caused the plane to crash.

26. The maintenance, control, and upkeep of the plane was at all times material the responsibility of the Defendants.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, AERIAL BANNERS, INC.

Plaintiff re-adopts and re-alleges paragraphs 1 through 26 as if fully set forth herein verbatim, and further alleges as follows:

27. Defendant, AERIAL BANNERS, INC., is not entitled to any worker's compensation exclusivity because it deemed to have deliberately intended to cause injury or death to Plaintiff, AHMED ASHAAT, as set forth in Section 440.11, Florida Statutes, and other law.

28. The worker's compensation exclusivity is inapplicable because Defendant, AERIAL BANNERS, INC.'s,, conduct and/or omissions are deemed to constitute an intentional tort.

29. That at all times material to this action, Defendant, AERIAL BANNERS, INC., knew or should have known that there were exceptionally dangerous and defective conditions on the airplane that were virtually certain to cause serious injury or death.

30. Defendant, AERIAL BANNERS, INC., knew or should have known of such other exceptionally dangerous and defective conditions as discovery, or the evidence may show.

31. That at all times material to this action, Defendant, AERIAL BANNERS, INC., knew or should have known that it was foreseeable that persons such as Plaintiff, AHMED ASHAAT, would be exposed to hazards while using damaged and defective planes owned by Defendant, AERIAL BANNERS, INC.

32. That Defendant, AERIAL BANNERS, INC., prevented Plaintiff, AHMED ASHAAT, from learning about the exceptionally dangerous conditions and Defendant, AERIAL BANNERS, INC. deliberately concealed and/or misrepresented the grave danger and prevented Plaintiff, AHMED ASHAAT, from exercising informed judgment about whether to perform his work duties on a defective airplane.

33. That at all times material to this action, Defendant, AERIAL BANNERS, INC., knew the airplane, due to its defects while performing the dangerous activity of banner-towing, was being used in an exceptionally dangerous manner that was virtually certain to cause serious injury or death to Plaintiff, AHMED ASHAAT.

34. That at all times material to this action, Defendant, AERIAL BANNER, INC.'s, knowledge of the exceptionally dangerous condition of the airplane was superior to Plaintiff, AHMED ASHAAT's, because Defendant, AERIAL BANNERS, INC. controlled the premises and

the operations on the premises, and because Defendant, AERIAL BANNERS, INC. otherwise had superior knowledge of the exceptionally dangerous conditions.

35. That at all times material to this action, Defendant, AERIAL BANNERS, INC., concealed the exceptionally dangerous conditions from Plaintiff, AHMED ASHAAT, and by deliberately breaching its legal duties to Plaintiff, AHMED ASHAAT, by:

    a. Failing to provide a safe working environment.
    b. Failing to furnish a properly maintained and airworthy aircraft free from latent structural and mechanical defects.
    c. Failing to appropriately operate, maintain, overhaul, service, repair, modify, test and/or inspect the subject aircraft.
    d. Failing to provide the proper means, tools, and mechanisms in which Plaintiff could easily determine if the airplane is in a safe, sound and working condition.
    e. Failing to ensure the banner was set up in a manner in which Plaintiff could safely perform the banner-tow duties.
    f. Failing to provide proper warnings and inspections to prevent further failures or incidents while operating one of its airplanes for banner-towing.
    g. Failing to maintain, repair and/or replace the defective parts as necessary to ensure the highest standards of safety for the aircraft and people onboard.
    h. Failing to routinely and diligently inspect and test the subject aircraft, and perform appropriate maintenance, despite knowing that the same model has had prior incidents of crashes.
    i. Failing to provide proper training to protect its pilots from incidents.

36. That at all times material hereto, Defendant, AERIAL BANNERS, INC., was responsible for operating and performing maintenance, overhaul, repairs, modifications, service, testing and/or inspection of the subject aircraft.

37. That at all times material hereto, Defendant, AERIAL BANNERS, INC., was responsible for hiring, training, supervising, and retaining pilots with adequate airmanship, skill, and competency to perform their duties in a diligent, safe and appropriate manner to ensure safety onboard its aircraft.

38. That it was the duty of Defendant, AERIAL BANNERS, INC., to furnish a properly maintained and airworthy aircraft to perform job duties as a banner-tow pillow and to warn Plaintiff, AHMED ASHAAT, about the dangerous and unsafe conditions on the premises.

39. That Defendant, AERIAL BANNERS, INC., knew or should have known that if the operation, maintenance, overhaul, repair, modification, service, testing and/or inspection of the subject aircraft and its related components and parts was not properly executed, and/or if the hiring, training or supervision of its pilots or other employees was not done with reasonable care, and/or if its pilots operated the aircraft and its systems in a manner that fell below or deviated from the standard of care, there would be an unreasonable risk of harm to persons operating and/or flying Defendant, AERIAL BANNERS, INC's, aircrafts, including the subject aircraft.

40. Defendant, AERIAL BANNERS, INC. had a duty to properly and safely operate, maintain, and inspect the subject aircraft to keep said aircraft in sound, safe condition, in compliance with FAA regulations and safety standards, as to avoid unreasonable risk of harm to persons operating, flying, and/or being flown aboard Defendant, AERIAL BANNERS, INC.'s, aircrafts, including the subject aircraft.

41. That Defendant, AERIAL BANNERS, INC., had the duty to know, or in the exercise of reasonable care and diligence, should have known that the possibility of this condition existed in sufficient time prior to this incident to have warned or cautioned Plaintiff, AHMED ASHAAT, and/or to have corrected and/or remedied such condition.

42. That Defendant, AERIAL BANNERS, INC., breached the aforementioned duties to Plaintiff, AHMED ASHAAT.

43. That Defendant, AERIAL BANNERS, INC.'s, breach of the aforementioned duties was the actual and proximate cause of Plaintiff, AHMED ASHAAT's, death.

44. As a direct and proximate result of the negligence of Defendant, AERIAL BANNERS, INC., Plaintiff, AHMED ASHAAT, suffered from severe bodily injuries and psychological trauma when the subject aircraft crashed and will continue to suffer in the future.

45. Plaintiff, ASHAAT AHMED's, damages include but are not limited to bodily injury and resulting pain and suffering, disability, disfigurement, loss of enjoyment of life, psychological trauma, emotional distress, mental anguish, inconvenience, expenses of medical and nursing care and treatment, activation, aggravation and/or acceleration of pre-existing injury or condition, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, AHMED ASHAAT, demands judgment against Defendant, AERIAL BANNERS, INC. for all damages allowable under applicable law, costs of this action, and other further and equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT, AERIAL BANNERS NORTH INC.

Plaintiff re-adopts and re-alleges paragraphs 1 through 26 as if fully set forth herein verbatim, and further alleges as follows:

46. Defendant, AERIAL BANNERS NORTH INC., is not entitled to any worker's compensation exclusivity because it deemed to have deliberately intended to cause injury or death to Plaintiff, AHMED ASHAAT, as set forth in Section 440.11, Florida Statutes, and other law.

47. The worker's compensation exclusivity is inapplicable because Defendant, AERIAL BANNERS NORTH INC.'s conduct and/or omissions are deemed to constitute an intentional tort.

48. That at all times material to this action, Defendant, AERIAL BANNERS NORTH INC., knew or should have known that there were exceptionally dangerous and defective conditions on the airplane that were virtually certain to cause serious injury or death.

49. Defendant, AERIAL BANNERS NORTH INC., knew or should have known of such other exceptionally dangerous and defective conditions as discovery, or the evidence may show.

50. That at all times material to this action, Defendant, AERIAL BANNERS NORTH INC., knew or should have known that it was foreseeable that persons such as Plaintiff, AHMED ASHAAT, would be exposed to hazards while using damaged and defective planes owned by Defendant, AERIAL BANNERS NORTH INC.

51. That Defendant, AERIAL BANNERS NORTH INC., prevented Plaintiff, AHMED ASHAAT, from learning about the exceptionally dangerous conditions and Defendant, AERIAL BANNERS NORTH INC. deliberately concealed and/or misrepresented the

grave danger and prevented Plaintiff, AHMED ASHAAT, from exercising informed judgment about whether to perform his work duties on a defective airplane.

52. That at all times material to this action, Defendant, AERIAL BANNERS NORTH INC., knew the airplane, due to its defects while performing the dangerous activity of banner-towing, was being used in an exceptionally dangerous manner that was virtually certain to cause serious injury or death to Plaintiff, AHMED ASHAAT.

53. That at all times material to this action, Defendant, AERIAL BANNER, INC.'s, knowledge of the exceptionally dangerous condition of the airplane was superior to Plaintiff, AHMED ASHAAT's, because Defendant, AERIAL BANNERS NORTH INC. controlled the premises and the operations on the premises, and because Defendant, AERIAL BANNERS NORTH INC. otherwise had superior knowledge of the exceptionally dangerous conditions.

54. That at all times material to this action, Defendant, AERIAL BANNERS NORTH INC., concealed the exceptionally dangerous conditions from Plaintiff, AHMED ASHAAT, and by deliberately breaching its legal duties to Plaintiff, AHMED ASHAAT, by:

   a. Failing to provide a safe working environment.
   b. Failing to furnish a properly maintained and airworthy aircraft free from latent structural and mechanical defects.
   c. Failing to appropriately operate, maintain, overhaul, service, repair, modify, test and/or inspect the subject aircraft.
   d. Failing to provide the proper means, tools, and mechanisms in which Plaintiff could easily determine if the airplane is in a safe, sound and working condition.

e. Failing to ensure the banner was set up in a manner in which Plaintiff could safely perform the banner-tow duties.

f. Failing to provide proper warnings and inspections to prevent further failures or incidents while operating one of its airplanes for banner-towing.

g. Failing to maintain, repair and/or replace the defective parts as necessary to ensure the highest standards of safety for the aircraft and people onboard.

h. Failing to routinely and diligently inspect and test the subject aircraft, and perform appropriate maintenance, despite knowing that the same model has had prior incidents of crashes.

i. Failing to provide proper training to protect its pilots from incidents.

55. That at all times material hereto, Defendant, AERIAL BANNERS NORTH INC., was responsible for operating and performing maintenance, overhaul, repairs, modifications, service, testing and/or inspection of the subject aircraft.

56. That at all times material hereto, Defendant, AERIAL BANNERS NORTH INC., was responsible for hiring, training, supervising, and retaining pilots with adequate airmanship, skill, and competency to perform their duties in a diligent, safe and appropriate manner to ensure safety onboard its aircraft.

57. That it was the duty of Defendant, AERIAL BANNERS NORTH INC., to furnish a properly maintained and airworthy aircraft to perform job duties as a banner-tow pillow and to warn Plaintiff, AHMED ASHAAT, about the dangerous and unsafe conditions on the premises.

58. That Defendant, AERIAL BANNERS NORTH INC., knew or should have known that if the operation, maintenance, overhaul, repair, modification, service, testing and/or

inspection of the subject aircraft and its related components and parts was not properly executed, and/or if the hiring, training or supervision of its pilots or other employees was not done with reasonable care, and/or if its pilots operated the aircraft and its systems in a manner that fell below or deviated from the standard of care, there would be an unreasonable risk of harm to persons operating and/or flying Defendant, AERIAL BANNERS, INC's, aircrafts, including the subject aircraft.

59. Defendant, AERIAL BANNERS NORTH INC., had a duty to properly and safely operate, maintain, and inspect the subject aircraft to keep said aircraft in sound, safe condition, in compliance with FAA regulations and safety standards, as to avoid unreasonable risk of harm to persons operating, flying, and/or being flown aboard Defendant, AERIAL BANNERS NORTH INC.'s, aircrafts, including the subject aircraft.

60. That Defendant, AERIAL BANNERS NORTH INC., had the duty to know, or in the exercise of reasonable care and diligence, should have known that the possibility of this condition existed in sufficient time prior to this incident to have warned or cautioned Plaintiff, AHMED ASHAAT, and/or to have corrected and/or remedied such condition.

61. That Defendant, AERIAL BANNERS NORTH INC., breached the aforementioned duties to Plaintiff, AHMED ASHAAT.

62. That Defendant, AERIAL BANNERS NORTH INC.'s breach of the aforementioned duties was the actual and proximate cause of Plaintiff, AHMED ASHAAT's, death.

63. As a direct and proximate result of the negligence of Defendant, AERIAL BANNERS NORTH INC., Plaintiff, AHMED ASHAAT, suffered from severe bodily injuries and psychological trauma when the subject aircraft crashed and will continue to suffer in the future.

64. Plaintiff, ASHAAT AHMED's, damages include but are not limited to bodily injury and resulting pain and suffering, disability, disfigurement, loss of enjoyment of life, psychological trauma, emotional distress, mental anguish, inconvenience, expenses of medical and nursing care and treatment, activation, aggravation and/or acceleration of pre-existing injury or condition, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing in nature and the Plaintiffs will suffer these losses in the future.

**WHEREFORE**, Plaintiff, AHMED ASHAAT, demands judgment against Defendant, AERIAL BANNERS NORTH INC. for damages, costs of this action, and other further and equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

### DEMAND FOR JURY TRIAL

Plaintiff, AHMED ASHAAT, demands a trial by jury on all issues triable as of right by a jury.

DATED at Miami-Dade County, Florida this **25th day of July, 2023**.

Respectfully Submitted,

**GOLDBERG & ROSEN, P.A.**
*Counsel for Plaintiff*
One Biscayne Tower
2 S. Biscayne Blvd, Suite 3650
Miami, FL 33131
Tel: (305) 374-4200 / Fax: (305) 374-8024
By: /s/ *Mustafa Dandashly*
Judd G. Rosen, Esq., Fla. Bar No.: 0458953
Mustafa H. Dandashly, Esq., Fla. Bar No.: 118159
 Primary E-mail: pleadings@goldbergandrosen.com
 Secondary E-mail: mdandashly@goldbergandrosen.com;
mhdteam@goldbergandrosen.com